Territorial Law Library

FILED
OR COURT
20B MAY -7 PX 4 48
OF COURT

## IN THE SUPERIOR COURT OF GUAM

CHRISTINE JOON CHANG and HAN SUN REEP,

        Plaintiffs,

        vs.

GUAM CONSTRUCTION COMPANY, INC. and BYONG HI KANG,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0932-12

**DECISION AND ORDER
ON MOTION TO DISMISS**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 3, 2012 on Defendants' Motion to Dismiss. Attorney William M. Fitzgerald represented Plaintiffs Christine Joon Chang and Han Sun Reep. Attorney James M. Maher represented Defendants Guam Construction Company, Inc. and Byong Hi Kang. After a hearing on the matter, the Court took motion under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Plaintiffs Christine Joon Chang (hereinafter, "Chang") and Han Sun Reep ("Reep") filed their Complaint on August 15, 2012. Plaintiffs alleged three causes of action related to Defendants' entry onto their land: Trespass, Conversion, and Breach of Contract. Chang and Reep allege that Defendants entered onto their property, removed the soil therefrom, and breached the contract made to remedy Plaintiffs' damages without the involvement of the Court.

On September 24, 2012, Defendants filed their motion to dismiss the trespass and conversion counts in the complaint. They base the motion on Rule 12(b)(1) and (2) of the Guam Rules of Civil Procedure. It is their contention that Chang and



Reep failed to plead specific facts to show their claim is not time-barred. Plaintiffs argue they have made sufficient pleadings in their complaint and that the precedent relied on by Defendants is inapplicable.

## DISCUSSION

### I. Legal Standard.

Defendants bring their motion to dismiss Counts I and II of the complaint pursuant to Guam Rule of Civil Procedure 12(b)(1) and (2), which state:

> "[e]very defense, in law or fact, to a claim for relief in any pleading... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> (1) lack of jurisdiction over the subject matter,
> (2) lack of jurisdiction over the person."

Guam R. Civ. P. 12(b)(1)-(2).

Expiration of a statute of limitations is an affirmative defense as contemplated in Rule 8(c) of the Guam Rules of Civil Procedure. *See* Guam R. Civ. P. 8(c). A motion to dismiss due to the running of the statute of limitations is generally brought as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). See, e.g. Petition of Quitugua v. Flores, 2004 Guam 19; see also Bethel v. Jendoco Const. Corp., 570 F.2d 1168 (3rd Cir. 1978).

Here, instead of utilizing a 12(b)(6) motion, Defendants seek to dismiss pursuant to 12(b)(1). A 12(b)(1) motion may, despite its label, be more properly considered as a motion to dismiss for failure to state a claim. See Reynolds v. United States, 549 F.3d 1108, 1111–12 (7th Cir. 2008); see also Palay v. United States, 349 F.3d 418, 424–25 (7th Cir. 2003); Peckmann v. Thompson, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."). This Court does not find the issue to be one of subject matter jurisdiction, which would likely be an appropriate motion in the limited jurisdiction of District Courts. Neither does it appear in the record to be one of personal

jurisdiction under 12(b)(2). As such, based on the facts in the record and the circumstances of this case, the Court proceeds on 12(b)(6) grounds.

Dismissal pursuant to Rule 12(b)(6) "is not proper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9. The court's inquiry on a motion to dismiss is limited to the content of the complaint and the court should not dismiss merely because it doubts the plaintiff will prevail in the action or that the possibility of ultimate recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

"In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." Newby v. Government of Guam, 2010 Guam 4 ¶ 14. In ruling on a Rule 12(b)(6) motion to dismiss, a trial court "must convert the dismissal motion into a summary judgment motion whenever it considers extraneous material outside the pleadings." Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd., 2010 Guam 13 ¶ 29. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7.

An action for trespass upon or injury to real property must be brought within three years. See 7 G.C.A. § 11305(b). "A cause of action of whatever nature can accrue only at the time that a suit may be maintained thereon, and from that date forward the applicable statute of limitations begins to run." Pacific Rock Corp. v. Department of Educ., 2001 Guam 21 ¶ 49 (quoting Cannon v. United States, 146 F.Supp. 827, 829 (Ct.Cl.1956)). "[T]he statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." Burkhart v. Miranda, 2013 Guam 2 ¶ 26 (quoting Gayle v. Hemlani, 2000 Guam 25 ¶ 24).

## II. Analysis.

Defendants contend the Trespass and Conversion counts are time-barred on the face of the complaint. They argue that Supreme Court of Guam's holding in Amsden v. Yamon[1] requires Plaintiffs to affirmatively plead the claim is not barred by the statute of limitations when the pleading on its face or on the basis of judicially noticeable facts appears to be time-barred. The Supreme Court of Guam has held that Amsden should not be read as establishing a heightened pleading requirement for jurisdictional issues. Taitano v. Calvo Finance Corp., 2009 Guam 9 ¶ 27. "Rather, Amsden stands for the proposition that a pleading should affirmatively indicate the source of the court's jurisdiction to hear the case." Id. However, as this Court has stated *supra*, the issue does not appear to be jurisdictional.

Defendants ask this Court to take judicial notice of when Plaintiffs knew of any trespass onto their land. Defendants supply exhibits which show Chang learned of Defendants' actions in August of 2009 and Reep did so some time in 2008. (Maher Decl. Sept. 24, 2012 Ex.1-3).

This Court is inclined to agree with Defendants only as far as Reep's knowledge of the harm. During a deposition, Reep admitted to having knowledge of the harm occurring to her property some time in 2008. (Maher Decl. Sept. 24, 2012 Ex.3). According to Guam law, an action should have been brought by her sometime within the next three years. *See* 7 G.C.A. § 11305(b). Instead, this action was filed on August 15, 2012. This, by itself, is sufficient to warrant summary judgment as to Counts I and II of the complaint as to her property.

Chang has demonstrated she had knowledge of the harm in August of 2009. While there is no precise date as to her knowledge in the record, the fact that the complaint was filed in August of 2012 is sufficient to demonstrate that Counts I and II of the complaint are not appropriate for summary judgment.

---

[1] Amsden v. Yamon, 1999 Guam 14.

Plaintiffs Chang and Reep argue the pleadings made in the complaint suffice to bring their claims within the statute of limitations. In their opposition to Defendants' motion to dismiss, Plaintiffs rely on paragraph 6 of the complaint which reads, "[o]n information and belief, in 2009, 2010, and 2011, Defendants knowingly entered the Plaintiffs' properties without permission." This paragraph of the complaint does little to help Reep. As stated *supra*, the statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him. <u>Burkhart v. Miranda</u>, 2013 Guam 2 ¶ 26. Even if the allegations in paragraph 6 of the complaint are assumed to be true, her knowledge of the trespass dates back to 2008. It is for these reasons that summary judgment must be granted in favor of Defendants as to Plaintiff Reep's Trespass and Conversion claims.

## CONCLUSION

While Defendants brought the motion to dismiss pursuant to Guam Rule of Civil Procedure 12(b)(1) and 12(b)(2), the Court found the more appropriate motion to be based on 12(b)(6). The Court used material outside the pleadings in formulating its ruling and so treated the 12(b)(6) motion as one for summary judgment.

After considering the law and facts of this case, the Court finds that summary judgment is appropriate only as to Plaintiff Han Sun Reep's claims for Trespass and Conversion. As to Counts I and II of the complaint as pertains to Reep, the motion for summary judgment is hereby **GRANTED**.

For the reasons discussed above, as it pertains to Plaintiff Christine Joon Chang's claims, the motion for summary judgment on Counts I and II of the complaint is hereby **DENIED**.

//

//

//

Decision and Order
Case No. CV0932-12

It is **SO ORDERED** this 7th day of May, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

MAY 0 7 2013

Esther S. Pinaula
Deputy Clerk, Superior Court of Guam

-6-